**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANNIE WILLIAMS, :
:
    Plaintiff, :
: CIVIL ACTION NO.
v. : 1:08-CV-2579-RWS
:
ADRIENNE TAYLOR-LEE, :
:
    Defendant. :

## **ORDER**

This case comes before the Court on Plaintiff Williams' Motion for Partial Summary Judgment [13] and Defendant Taylor-Lee's Motion for Summary Judgment [14]. After a review of the record, the Court enters the following Order.

## I.    Background[1]

Defendant Taylor-Lee is an Investigator with the Atlanta Police Department. The incident that gave rise to this litigation occurred on February 22, 2007 when tow truck driver, Jerry Finney attempted to repossess the car of Plaintiff's son. Finney told Investigator Taylor-Lee that he was threatened and

---

[1]The facts stated herein are taken primarily from the Parties' Statements of Material Facts [13 and 14]. The Court makes no findings with regard to these facts.

assaulted by Plaintiff's son with a hard metal object.[2] (Affidavit of Taylor-Lee ¶ 17.) Further, Finney told Investigator Taylor-Lee that Plaintiff Williams yelled to him to release the car so her son would not shoot him. Id. Finney recounted the events along with a description of Plaintiff and her son, and their address to Investigator Taylor-Lee. On February 24, 2007, Investigator Taylor-Lee compiled affidavits for the arrest of Plaintiff and her son for a Fulton County Magistrate Court Judge. Following communications with the Judge, Investigator Taylor-Lee secured an arrest warrant for both Plaintiff and her son for making Terroristic Threats in violation of O.C.G.A. § 16-11-37, and for Aggravated Assault, in violation of O.C.G.A. § 16-5-21. The arrest warrants were entered into the Georgia Crime Information Center system, and Plaintiff was subsequently arrested. The charges against Plaintiff were not prosecuted.

Plaintiff initiated this lawsuit on July 17, 2008 against Investigator Taylor-Lee, alleging, under 42 U.S.C. § 1983, violations of her Fourth and

---

[2] In the Incident Report compiled by the City of Atlanta Police Department, Plaintiff's son, Lamarcus Harvey, is quoted as stating to Finney in reference to removing the car from wrecker, "[h]urry up before I shoot your ass." (Plaintiff's Partial Motion for Summary Judgment [13], Exhibit 1.)

Fourteenth Amendment rights.[3]  Both Parties then filed cross motions for summary judgment as to Plaintiff's claims.[4]  The Court shall address Defendant's and Plaintiff's Motions for Summary Judgment together, as the issues raised in each are largely intertwined.

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "The moving party bears

---

[3] It is not clear from the language of the Plaintiff's Complaint and Motion for Partial Summary Judgment whether the claims asserted against Taylor-Lee have been asserted in her official capacity, individual capacity, or both.

[4] Defendant Taylor-Lee failed to respond to Plaintiff's Motion for Summary Judgment.  In such instances, the Court may deem the Motion to be unopposed and Plaintiff's statement of facts admitted. (LR 56.1B(2), N.D. Ga.)  However, even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. See Dunlap v. Transam. Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion).  Defendant claims the defense of immunity in her Answer [5] and Motion for Summary Judgment [14]. Immunity defenses should be addressed at the earliest opportunity. Shepard v. David, 300 Fed.Appx 832, 836, n.7 (11th Cir. 2008).  Accordingly, despite Defendant's failure to respond, the Court will consider the merits of Defendant's argument.

3

'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

4

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## III. Discussion

Plaintiff contends that the warrant upon which her arrest was based lacked sufficient probable cause. Plaintiff argues that the affidavit provided to the Magistrate Court of Fulton County contains inaccurate statements in an effort to obtain the warrant. In the affidavit, Taylor-Lee states, "[Plaintiff] told victim her son would not shoot him if he released the car." (Pl. Motion for

5

Summary Judgment [13] Exhibit 5). By contrast, the incident report prepared by the City of Atlanta cites Plaintiff as stating "that her son wasn't going to shoot [the victim] he just want (sic) the car back." (Pl. Motion for Summary Judgment [13] Exhibit 1.) Plaintiff argues that the alleged statement found in the incident report does not amount to a threat to support a warrant for Terroristic Threats under O.C.G.A. § 16-11-37. Plaintiff contends that the Court's reliance on the inaccurate affidavit lead to a defective warrant, in violation of Plaintiff's constitutional rights. Plaintiff takes further issue with Defendant Taylor-Lee's recount of the facts stated in her affidavit to the Motion for Summary Judgment. Plaintiff denies ever having made any statement to Finney asking him to release the vehicle so that Plaintiff's son would not shoot him. (Affidavit of Williams ¶ 3.) Further, Plaintiff contends that her arrest for aggravated assault is baseless since her mere presence at the scene is insufficient to establish probable cause to support a warrant on this claim. (Dkt. No. [13] at 7.) Plaintiff alleges that Investigator Taylor-Lee violated her Fourth and Fourteenth Amendment rights by falsely arresting her.

Defendant correctly notes that Plaintiff's claim for unreasonable seizure is properly brought under the Fourth Amendment rather than the Fourteenth

6

Amendment. See Atterbury v .City of Miami Police Dept., 322 Fed.Appx. 724, 726 (11th Cir. 2009); Graham v. Connor, 490 U.S. 386, 387, 109 S.Ct 1865, 1867 (1989)("Claims that law enforcement officials have used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen are most properly characterized as invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable seizures,' and must be judged by reference to the Fourth Amendment's 'reasonableness' standard."). Accordingly, Plaintiff's claim under the Fourteenth Amendment is dismissed.[5] Defendant is entitled to judgment as a matter of law on Plaintiff's Fourteenth Amendment claim.

---

[5]Because Plaintiff was arrested pursuant to a warrant which constitutes legal process, she may not assert a claim for false arrest. See Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095 (2007). Plaintiff likely asserts a claim for malicious prosecution under the Fourth Amendment. Jordan v. Mosley, 298 Fed.Appx. 803, 806 (11th Cir. 2008), ("[w]hile we have recognized that malicious prosecution can rise to a constitutional tort cognizable under section 1983, we also have recognized that, in the light of Albright, it is an independent cause of action that potentially is cognizable under the Fourth Amendment. See Uboh v. Reno, 141 F.3d 1000, 1002-03 n. 4 (11th Cir.1998) (if malicious prosecution or abuse of process is committed by state actors and results in the arrest or other seizure of defendant, the defendant's only remedy is under the Fourth Amendment) (citing Smart v. Bd. of Trustees, 34 F.3d 432 (7th Cir.1994)).").

7

To the extent that the claims against Investigator Taylor-Lee are brought in her official capacity, such claims constitute a suit against the City of Atlanta.[6] Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d, ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). In order to find the City liable under § 1983, Plaintiff must demonstrate that the City of Atlanta engaged in a practice, policy or custom that played a role in the constitutional violation. Monell, 436 U.S. at 694, Graham, 473 U.S. at 166. Here, Plaintiff Williams has not alleged or articulated any policy or custom of the City of Atlanta or the Atlanta Police Department that contributed to or caused her constitutional deprivation. Accordingly, Plaintiff's claim against Investigator Taylor-Lee in her official capacity is dismissed. Defendant is granted summary judgment as to Plaintiff's official capacity claim.

Defendant further contends that any suit brought against her in her individual capacity is barred by the doctrine of qualified immunity. (Dkt. No. [14] at 14.) To receive qualified immunity, the public official "must first prove

---

[6]Plaintiff asserts in her Reply [15] that her claims are not brought against Investigator Taylor-Lee's official capacity. However, as Defendant has raised the defense, the Court shall address the merits of the argument.

that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). The burden then shifts to the Plaintiff. Id. There is a two-part test to determine whether a defendant is entitled to qualified immunity. First, a court asks "whether [the] plaintiff's allegations, if true, establish a constitutional violation." Vinyard v. Wilson, 311 F.3d 1346 (11th Cir. 2002) (quoting Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)). Second, after sufficiently stating a constitutional violation, a court must ask whether the right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). The salient question is whether the state of the law at the time of the alleged violation gave officials "fair warning" that their acts were unlawful. Hope v. Pelzer, 536 U.S. 730, 740, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); Holmes v. Kucynda, 321 F.3d 1069, 1078 (11th Cir. 2003).

Here, there is no dispute as to the fact that Investigator Taylor-Lee was acting in her discretionary capacity in appearing before a Fulton County Magistrate Court Judge to obtain a warrant for Plaintiff's arrest. (Dkt. No. [15] at 1.) In determining whether a constitutional violation exists, Plaintiff's claim hinges upon whether probable cause existed to arrest her. Probable cause to arrest may be actual probable cause or arguable probable case. See Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) ("Absent probable cause, an officer is still entitled to qualified immunity if arguable probable cause existed."). Such probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998) citing Williamson v. Mills, 65 F.3d 155, 158 (11th Cir.1995). This evidence need not be overwhelming, but requires a substantial chance of criminal activity. Atterbury, 322 Fed.Appx. at 727. When presented with such evidence, a magistrate may then issue an arrest warrant based "upon a showing that

10

probable cause exists to believe that the subject of the warrant has committed an offense." Steagald v. U.S., 451 U.S. 204, 213, 101 S.Ct. 1642, 1648 (1981).

Here, the Magistrate Judge had sufficient information upon which to believe that probable cause existed for Plaintiff's arrest. Under O.C.G.A. § 16-11-37, a person commits a terroristic threat when he or she "threatens to commit any crime of violence". Investigator Taylor-Lee had been given an account of the incident by Finney, a reliable source as a direct witness to the alleged crime. Finney provided details regarding the alleged statements and actions made by both Plaintiff and her son at the scene. Additionally, Finney provided information on the location of the incident as well as a description of Plaintiff and her son. Finney's recount of Plaintiff's statement, along with that of her son and the alleged assault with a metal object, gave Investigator Taylor-Lee sufficient basis to pursue and investigate the situation further. Investigator Taylor-Lee then traveled to the location where the incident took place and confirmed the existence of a woman fitting that description at the provided address. (Affidavit of Taylor-Lee ¶ 22.) Given the context of the scene, the alleged assault, and statement by Plaintiff's son, it was reasonable under these circumstances and knowing these facts for Investigator Taylor-Lee to conclude

11

that Plaintiff had threatened Finney. McQuarter v. City of Atlanta, Ga., 572 F. Supp. 1401, 1413 (N.D.Ga 1983). The Court finds that Investigator Taylor-Lee provided the Magistrate Judge with sufficient reliable information upon which to justify a warrant for violation of O.C.G.A § 16-11-37. The Magistrate Judge then made an independent determination that probable cause existed to support an arrest warrant.[7]

Having found that the probable causes existed to support an arrest for violation of the Georgia Terroristic Threat statute, O.C.G.A. § 16-11-37, the Court need not determine whether probable cause existed for violation of the Georgia Aggravated Assault statute O.C.G.A. § 16-5-21. U.S. v. Saunders, 476 F.2d 5,7 (5th Cir. 1973) ("When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.").

---

[7]Plaintiff alleges that she never made the threatening statement which constituted the basis for the arrest warrant.(Affidavit of Williams ¶ 3.) In the alternative, Plaintiff argues, that such alleged statement should be perceived as a directive rather than a threat of bodily harm. The Court concedes that the text of the statement may be interpreted in different ways. However, given the context of the statement, it was reasonable for the Magistrate Court to conclude that the statement was made in an effort to threaten Finney.

12

As the arrest warrant was based upon sufficient probable cause, Plaintiff has failed to demonstrate a Fourth Amendment constitutional violation. Defendant is accordingly entitled to qualified immunity and judgment as a matter of law on Plaintiff's individual capacity claim.

## IV. Conclusion

Based on the foregoing, Plaintiff Williams' Motion for Partial Summary Judgment [13] is **DENIED**. Defendant Taylor-Lee's Motion for Summary Judgment [14] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant on all of Plaintiff's claims.

**SO ORDERED** this __9th__ day of February, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)